1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                     EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  DAVID W. CAIN, an individual, | Case No. 1:23-cv-01249-JLT-CDB |
| 12              Plaintiff, | ORDER DENYING IFG'S MOTION TO DISMISS |
| 13       v. | (Doc. 55) |
| 14  INTERNATIONAL FRUIT GENETICS, LLC, a California Limited Liability Company, | |
| 16              Defendant. | |

### I.  INTRODUCTION

Before the Court is Defendant Close Demeter LLC, formerly known as International Fruit Genetics, LLC's ("Defendant IFG") motion to dismiss Plaintiff David Cain's second amended complaint. (Doc. 55.) For the reasons set forth below, the Court denies IFG's motion.

### II.  BACKGROUND

Dr. Cain spent approximately twenty years as a plant geneticist at IFG developing fruit varietals. (Doc. 52, ¶ 2.) Dr. Cain had no ownership interest in IFG but received yearly royalty payments for the table grape varieties he developed for IFG. (Docs. 52, ¶ 3.) In March 2022, IFG entered into a purchase agreement with SNFL Investment LLC (the "Buyer") to sell IFG. (Doc. 52, ¶ 4.) As part of its purchase of IFG, Buyer required that IFG buy out Dr. Cain's future stream of royalty payments. (Doc. 55-1 at 4.) Dr. Cain and IFG entered into a Buyout and Waiver Agreement (the "Buyout Agreement"), which provided for Dr. Cain to receive $245

1

1  million dollars lump sum payment as satisfaction of Dr. Cain's future stream of royalties.  (Doc.
2  52, ¶ 4.)  In May 2022, after the purchase agreement and Buyout Agreement were executed, a
3  minority member of IFG sought to invalidate the sale.  (Doc. 52, ¶ 5.)  Following resolution of the
4  minority member's challenge, the pending sale closed on August 11, 2023.  (Doc. 52, ¶ 8.)  Dr.
5  Cain brought this suit seeking payment of the royalties allegedly accrued during the pendency of
6  the closing through: (1) a breach of contract claim; (2) a breach of the covenant of good faith and
7  fair dealing claim; (3) an unjust enrichment claim; and (4) a fraud in the inducement claim.  (Doc.
8  34, ¶¶ 8–9, 41–78.)  IFG moved to dismiss these claims, and the Court granted IFG's motion as to
9  the unjust enrichment claim, with leave to amend, and the fraudulent inducement claim, without
10  leave to amend.  (Doc. 50.)  Dr. Cain filed his second amended complaint, (Doc. 52), and IFG
11  now moves to dismiss the amended unjust enrichment claim, (Doc. 55).

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party."  *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020).  In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  *Navarro*, 250 F.3d at 732.

If the court dismisses the complaint, it "should grant leave to amend even if no request to

1  amend the pleading was made, unless it determines that the pleading could not possibly be cured
2  by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In making
3  this determination, the court should consider factors such as "the presence or absence of undue
4  delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments,
5  undue prejudice to the opposing party and futility of the proposed amendment." *Moore v.*
6  *Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

**IV.   DISCUSSION**

**A.   Unjust Enrichment Claim**

9  Dr. Cain alleges that IFG was unjustly enriched because "IFG retained all the income that
10  was generated between January 2023 and August 2023, but IFG did not pay Dr. Cain the royalties
11  from the income generated within that period, despite having paid Dr. Cain his royalties for over
12  twenty years to compensate him for his contributions to the products that generated income."
13  (Doc. 52, ¶ 65.)  Under Delaware law, unjust enrichment is "the unjust retention of a benefit to
14  the loss of another, or the retention of money or property of another against the fundamental
15  principles of justice or equity and good conscience." *Nemec v. Shrader*, 991 A.2d 1120, 1130
16  (Del. 2010) (quoting *Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del.
17  1988)).  To adequately plead an unjust enrichment claim, plaintiff must plead: "(1) an enrichment,
18  (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the
19  absence of justification, and (5) the absence of a remedy provided by law." *Id.*  The Court
20  previously held that Dr. Cain adequately plead the first four elements.  (Doc. 50 at 11.)  Dr.
21  Cain's SAC identically pleads these four elements, and IFG does not contend that Dr. Cain failed
22  to sufficiently allege these four elements.  (Docs. 52, ¶¶ 64–65; 55-1 at 7.)  Therefore, the Court
23  focuses its analysis on IFG's arguments pertaining to the fifth element.  (*See* Doc. 55-1 at 7.)

24  IFG contends that Dr. Cain made only minor additions in the SAC that "offer[] no
25  separate basis to support an unjust enrichment cause of action."  (Doc. 55-1 at 8.)  IFG argues that
26  "a plaintiff must plead 'factual support' for an '*independent basis* for an unjust enrichment
27  claim,' some factual basis 'not comprehensively governed by' the contract."  (*Id.* at 7 (quoting
28  *BAE Systems*, No. 3099-VCN, 2009 WL 264088, at *8 (Del. Ch. Feb. 3, 2009)) (emphasis in

3

original)). Dr. Cain argues that these additions properly plead unjust enrichment as an alternative to the breach of contract claim. (Doc. 58 at 9–11.) The two substantive additions made in the SAC are:

> 64. When IFG and Dr. Cain negotiated the Buyout Agreement, IFG represented to Dr. Cain that IFG would pay Dr. Cain the royalties that accrued pursuant to the Cain Agreements up until the closing date. IFG did not represent that it intended to take the position that it would not pay royalties that accrued but were not yet "owed" if the closing date occurred prior to the date the royalty payments became "due." Further, IFG did not represent to Dr. Cain that it would take the position that the Cain Agreements "terminated," and have no "force or effect" once the closing occurred and deprive Dr. Cain of the royalty payments that accrued up until the closing. However, despite IFG's representations, the parties did not clearly state or address the payment of royalties owed but not yet due in the Buyout Agreement. Further, when IFG closed the deal with the Buyer, IFG took the position that the closing terminated the Cain Agreements and IFG's duty to pay Dr. Cain for the royalties that had accrued under those agreements but were not yet due. To the extent the Buyout Agreement does not specifically address the payment of royalties that accrued but were not yet due, it was an unjust enrichment for IFG to retain the royalties and Dr. Cain suffered a related impoverishment.
>
> 65. Further, upon information and belief, before the sale of IFG closed, IFG retained the benefit of IFG income that it received prior to the closing. A portion of that income was an unjust retention of a benefit because IFG failed to pay Dr. Cain his royalty payment which represents 35% of that income. Indeed, prior to closing, IFG continued to receive revenue through its business operations—money that went to IFG, not the Buyer. Upon information and belief, when the sale of IFG closed in August 2023, IFG retained all the income that was generated between January 2023 and August 2023, but IFG did not pay Dr. Cain the royalties from the income generated within the period, despite having paid Dr. Cain his royalties for over twenty years to compensate him for his contributions to the products that generated that income. IFG's actions represents the receipt and unjust retention of a benefit at the expense of Dr. Cain and to the extent payment of the accrued but not yet-due royalties was not governed by the Buyout Agreement, Dr. Cain lacks a remedy provided by law.

(Doc. 52, ¶¶ 64–65 (additions in the SAC compared to the FAC are underlined).)

As the Court noted on the previous motion to dismiss, "unjust enrichment claims that are premised on an express, enforceable contract fail to state a claim." *Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at *16 (Del. Super. Aug. 16, 2021). (*See* Doc. 50 at 11.) The unjust enrichment claim must "consider facts that were not covered, expressly or impliedly, by the subject agreement" when plead with a breach of contract claim to survive a motion to dismiss. *See id.* at *17. For an unjust enrichment claim to survive as an alternative theory of recovery to a breach of contract claim, there must be "doubt surrounding [the relevant contract's] enforceability or . . . existence." *Id.* (alteration in original); *see also Khushaim v. Tullow Inc.*, 2016 WL

3594752, at *8 (Del. Super. Ct. June 27, 2016) ("While [plaintiff] claims that he may plead unjust enrichment in the alternative to his breach of contract claim, alternative pleading of this kind is generally only allowed 'when there is doubt surrounding the enforceability or the existence of the contract.'").

In *Intermec*, the court held that pleading "'to the extent' the [contract] is silent on overpayments," is insufficient to identify no remedy exists at law to allow survival of an unjust enrichment claim. 2021 WL 3620435, at *18. Dr. Cain's alternative pleading in his unjust enrichment claim is like the one dismissed by the *Intermec* court. *See id.* (Doc. 52, ¶¶ 64–65.) However, different from *Intermec*, in his unjust enrichment claim, Dr. Cain alleges that, in fact, the contract does not address how or whether accrued but not yet-due royalties would be paid by IFG. (*Id.*, ¶ 65.) While sparse, the Court concludes that the pleading is sufficient, at this stage in the litigation, to demonstrate that no remedy is provided by law. *Avantix Labs., Inc. v. Pharmion, LLC*, 2012 WL 2309981, at *9 (Del. Super. Ct. June 18, 2012).

## CONCLUSION

For the reasons set forth above:

1. IFG's motion to dismiss the unjust enrichment claim is **DENIED**.
2. IFG SHALL file a responsive pleading within 21 days.

IT IS SO ORDERED.

Dated: __March 30, 2025__

UNITED STATES DISTRICT JUDGE