1

**VENABLE LLP**
Belinda M. Vega (SBN 208236)
  *bmvega@venable.com*
2
Witt W. Chang (SBN 281721)
  *wchang@venable.com*
3
Christina M. Nordsten (SBN 304183)
  *cmnordsten@venable.com*
4
2049 Century Park East, Suite 2300
Los Angeles, California 90067
5
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
6

7
*Attorneys for Plaintiff*
DAVID W. CAIN

8

**DENTONS US LLP**
9
BLAKE L. OSBORN (SBN 271849)
  *blake.osborn@dentons.com*
10
ANDREW M. PENDEXTER (SBN 310752)
  *andrew.pendexter@denton.com*
11
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
12
Telephone: (213) 623-9300
Facsimile: (213) 623-9924
13

*Attorneys for Defendant*
14
CLOSE DEMETER LLC, f/k/a
INTERNATIONAL FRUIT GENETICS, LLC
15

16

## UNITED STATES DISTRICT COURT

17

## EASTERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  DAVID W. CAIN, an individual, | CASE NO.:  1:23-cv-01249-JLT-CDB |
| 20 | Hon. Jennifer L. Thurston, |
|        Plaintiff | Courtroom 4 |
| 21       v. | **STIPULATED PROTECTIVE ORDER** |
| 22  INTERNATIONAL FRUIT GENETICS, LLC, a | |
| 23  California Limited Liability Company, | |
| 24       Defendant. | |
| 25 | |

26

27

28

**VENABLE LLP**

**VENABLE LLP**

1     **IT IS HEREBY STIPULATED** by and between Plaintiff Dr. David Cain ("Plaintiff")

2  and Defendant International Fruit Genetics, LLC ("Defendant") (each individually referred to as

3  a "Party," and collectively referred to as the "Parties"), by and through their respective counsel

4  of record, that in order to facilitate the exchange of information and documents, which may be

5  subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy

6  rights, the Parties stipulate and enter into this protective order as follows:

7  **1.     PURPOSES AND LIMITATIONS**

8     Discovery in this action is likely to involve production of confidential, proprietary, or

9  private information for which special protection from public disclosure and from use for any

10  purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby

11  stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties

12  acknowledge that this Stipulated Protective Order does not confer blanket protections on all

13  disclosures or responses to discovery and that the protection it affords from public disclosure and

14  use extends only to the limited information or items that are entitled to confidential treatment

15  under the applicable legal principles.  The Parties further acknowledge, as set forth in Section

16  13.3, below, that this Stipulated Protective Order does not entitle them to file confidential

17  information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and

18  the standards that will be applied when a Party seeks permission from the Court to file material

19  under seal.

20  **2.     GOOD CAUSE STATEMENT**

21     This action is likely to involve information such as certain confidential business practices

22  and other valuable research, development, commercial, financial, technical and/or proprietary

23  information for which special protection from public disclosure and from use for any purpose

24  other than prosecution of this action is warranted.  Such confidential and proprietary materials

25  and information consist of, among other things, trade secrets, confidential business or financial

26  information, information regarding confidential business practices, or other confidential research,

27  development, or commercial information (including information implicating privacy rights of

28  third parties), information otherwise generally unavailable to the public, or which may be

1

Stipulated Protective Order

1  privileged or otherwise protected from disclosure under state or federal statutes, court rules, case

2  decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the

3  prompt resolution of disputes over confidentiality of discovery materials, to adequately protect

4  information the Parties are entitled to keep confidential, to ensure that the Parties are permitted

5  reasonable necessary uses of such material in preparation for and in the conduct of trial, to

6  address their handling at the end of the litigation, and to serve the ends of justice, a protective

7  order for such information is justified in this matter.  It is the intent of the Parties that

8  information will not be designated pursuant to this Stipulated Protective Order for tactical

9  reasons and that nothing be so designated without a good faith belief that it has been maintained

10  in a confidential, non-public manner, and there is good cause why it should not be part of the

11  public record of this case.

12  **3.**      **Local Rule 141.1(c) Statement**

13      **a.**  The following types of information is eligible for protection under the

14          "CONFIDENTIAL" Designation: confidential business or financial information,

15          information regarding confidential business practices, or other confidential research,

16          development, or commercial information (including information implicating privacy

17          rights of third parties), information otherwise generally unavailable to the public, or

18          which may be privileged or otherwise protected from disclosure under state or federal

19          statutes, court rules, case decisions, or common law. Information designated

20          "CONFIDENTIAL" by the parties is non-public information that would not be shared

21          with non-party recipients absent the execution of a confidentiality agreement.

22      **b.**  The following types of information is eligible for protection under the "HIGHLY

23          CONFIDENTIAL" Designation: trade secrets, information related to royalties,

24          information related to the acquisition of IFG's assets by SNFL. Such information is

25          extremely sensitive.

26      **c.**  The Parties desire to have the issues addressed by this Stipulated Protective Order by

27          order of the Court instead of a private agreement in order to ensure that the disclosure of

28

VENABLE LLP

VENABLE LLP

their highly sensitive information and documents governed by binding order of the Court, and not simply an agreement between the parties.

**4.    DEFINITIONS**

A.    Action:  This pending federal lawsuit.

B.    Challenging Party:  A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

C.    "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.    Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

E.    Designating Party:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

F.    Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

G.    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

X.    HIGHLY CONFIDENTIAL Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things the disclosure of which other than as permitted pursuant to Paragraph 8.3 of this Stipulated Protective Order is substantially likely to cause injury to the Producing Party.

H.    In-House Counsel:  Attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3

**VENABLE LLP**

I.     <u>Nonparty</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J.     <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party and includes support staff.

K.     <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L.     <u>Producing Party</u>:  A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

M.     <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.     <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

O.     <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**5.   <u>SCOPE</u>**

The protections conferred by this Stipulated Protective Order cover not only Protected Material but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

**6.   <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise

4

Stipulated Protective Order

1  in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of

2  (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final

3  judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials,

4  or reviews of this Action, including the time limits for filing any motions or applications for

5  extension of time pursuant to applicable law.

6  **7.      DESIGNATING PROTECTED MATERIAL**

7          6.1   Exercise of Restraint and Care in Designating Material for Protection.

8          Each Party or Nonparty that designates information or items for protection under this

9  Stipulated Protective Order must take care to limit any such designation to specific material that

10  qualifies under the appropriate standards.  The Designating Party must designate for protection

11  only those parts of material, documents, items, or oral or written communications that qualify so

12  that other portions of the material, documents, items, or communications for which protection is

13  not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

14         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

15  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

16  unnecessarily encumber the case development process or to impose unnecessary expenses and

17  burdens on other parties) may expose the Designating Party to sanctions.

18         6.2.   Manner and Timing of Designations

19         Except as otherwise provided in this Stipulated Protective Order (*see e.g.,* Section 6.2(a)),

20  or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualified for

21  protection under this Stipulated Protective Order must be clearly so designated before the

22  material is disclosed or produced. Designation in conformity with this Stipulated Protective

23  Order requires the following:

24              a)   For information in documentary form (e.g., paper or electronic documents,

25                   but excluding transcripts of depositions or other pretrial or trial

26                   proceedings), that the Producing Party affix at a minimum, the

27                   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each

28                   page that contains protected material.  If only a portion or portions of the

5

Stipulated Protective Order

**VENABLE LLP**

VENABLE LLP

1    material on a page qualifies for protection, the Producing Party also must

2    clearly identify the protected portion(s) (e.g., by making appropriate

3    markings in the margins).

4    A Party or Nonparty that makes original documents available for

5    inspection need not designate them for protection until after the inspecting

6    Party has indicated which documents it would like copied and produced.

7    During the inspection and before the designation, all of the material made

8    available for inspection shall be deemed "CONFIDENTIAL."  After the

9    inspecting Party has identified the documents it wants copied and

10   produced, the Producing Party must determine which documents, or

11   portions thereof, qualify for protection under this Stipulated Protective

12   Order.  Then, before producing the specified documents, the Producing

13   Party must affix the "CONFIDENTIAL" or "HIGHLY

14   CONFIDENTIAL"  legend to each page that contains Protected Material.

15   If only a portion or portions of the material on a page qualifies for

16   protection, the Producing Party also must clearly identify the protected

17   portion(s) (e.g., by making appropriate markings in the margins).

18   b)  For testimony given in depositions, that the Designating Party identify the

19   Disclosure or Discovery Material on the record, before the close of the

20   deposition all protected testimony.

21   c)  For information produced in nondocumentary form and for any other

22   tangible items, that the Producing Party affix in a prominent place on the

23   exterior of the container or containers in which the information is stored

24   the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only

25   a portion or portions of the information warrants protection, the Producing

26   Party, to the extent practicable, shall identify the protected portion(s).

27   6.3    Inadvertent Failure to Designate

28

6

Stipulated Protective Order

VENABLE LLP

1    If timely corrected, an inadvertent failure to designate qualified information or items does

2  not, standing alone, waive the Designating Party's right to secure protection under this Stipulated

3  Protective Order for such material.  Upon timely correction of a designation, the Receiving Party

4  must make reasonable efforts to assure that the material is treated in accordance with the

5  provisions of this Stipulated Protective Order.

6  **8.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7    7.1  Timing of Challenges

8    Any Party or Nonparty may challenge a designation pursuant to this Stipulated Protective

9  Order at any time that is consistent with the Court's Scheduling Order.

10    7.2  Meet and Confer

11    The Challenging Party shall initiate a dispute resolution process which shall follow the

12  procedure in Local Rule 251(b) and with the Magistrate Judge's procedure governing telephonic

13  conference re: discovery dispute in his procedures in section 3(b).

14    7.3  Burden of Persuasion

15    The burden of persuasion in any such challenge proceeding shall be on the Designating

16  Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

17  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

18  sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality

19  designation, all Parties shall continue to afford the material in question the level of protection to

20  which it is entitled under the Producing Party's designation until the Court rules on the

21  challenge.

22  **9.     ACCESS TO AND USE OF PROTECTED MATERIALS**

23    8.1  Basic Principles

24    A Receiving Party may use Protected Material that is disclosed or produced by another

25  Party or by a Nonparty in connection with this Action only for prosecuting, defending, or

26  attempting to settle this Action.  Such Protected Material may be disclosed only to the categories

27  of persons and under the conditions described in this Stipulated Protective Order.  When the

28  Action reaches a final disposition, a Receiving Party must comply with the provisions of Section

7

**VENABLE LLP**

1  14 below.  Protected Material must be stored and maintained by a Receiving Party at a location

2  and in a secure manner that ensures that access is limited to the persons authorized under this

3  Stipulated Protective Order.

4      8.2   Disclosure of "CONFIDENTIAL" Information or Items

5      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

6  Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

7      a)    The Receiving Party's Outside Counsel of Record, as well as employees of said

8          Outside Counsel of Record to whom it is reasonably necessary to disclose the

9          information for this Action;

10      b)    The officers, directors, and employees (including In-House Counsel) of the

11          Receiving Party to whom disclosure is reasonably necessary for this Action;

12      c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for

13          this Action and who have signed the "Acknowledgment and Agreement to Be

14          Bound" (Exhibit A);

15      d)    The Court and its personnel;

16      e)    Court reporters and their staff;

17      f)    Professional jury or trial consultants, mock jurors, and Professional Vendors to

18          whom disclosure is reasonably necessary for this Action and who have signed the

19          "Acknowledgment and Agreement to be Bound" (Exhibit A);

20      g)    The author or recipient of a document containing the information or a custodian

21          or other person who otherwise possessed or knew the information;

22      h)    During their depositions, witnesses, and attorneys for witnesses, in the Action to

23          whom disclosure is reasonably necessary provided: (i) the deposing party requests

24          that the witness sign the "Acknowledgment and Agreement to Be Bound"

25          (Exhibit A); and (ii) the witness will not be permitted to keep any confidential

26          information unless they sign the "Acknowledgement and Agreement to Be

27          Bound," unless otherwise agreed by the Designating Party or ordered by the

28          Court.  Pages of transcribed deposition testimony or exhibits to depositions that

**VENABLE LLP**

1    reveal Protected Material may be separately bound by the court reporter and may

2    not be disclosed to anyone except as permitted under this Stipulated Protective

3    Order; and

4    i)    Any mediator or settlement officer, and their supporting personnel, mutually

5          agreed upon by any of the Parties engaged in settlement discussions.

6    8.3   Disclosure of "HIGHLY CONFIDENTIAL" Information or Items

7    a)    The Receiving Party's Outside Counsel of Record, as well as employees of said

8          Outside Counsel of Record to whom it is reasonably necessary to disclose the

9          information for this Action;

10   b)    Experts of the Receiving Party to whom disclosure is reasonably necessary for

11         this Action and who have signed the "Acknowledgment and Agreement to Be

12         Bound" (Exhibit A);

13   c)    The Court and its personnel;

14   d)    Court reporters and their staff;

15   e)    Professional jury or trial consultants, mock jurors, and Professional Vendors to

16         whom disclosure is reasonably necessary for this Action and who have signed the

17         "Acknowledgment and Agreement to be Bound" (Exhibit A);

18   f)    The author or recipient of a document containing the information or a custodian

19         or other person who otherwise possessed or knew the information;

20   g)    During their depositions, witnesses, and attorneys for witnesses, in the Action to

21         whom disclosure is reasonably necessary provided: (i) the deposing party requests

22         that the witness sign the "Acknowledgment and Agreement to Be Bound"

23         (Exhibit A); and (ii) the witness will not be permitted to keep any HIGHLY

24         CONFIDENTIAL information unless they sign the "Acknowledgement and

25         Agreement to Be Bound," unless otherwise agreed by the Designating Party or

26         ordered by the Court.  Pages of transcribed deposition testimony or exhibits to

27         depositions that reveal Protected Material may be separately bound by the court

28

Stipulated Protective Order

1    reporter and may not be disclosed to anyone except as permitted under this

2    Stipulated Protective Order; and

3    h)    Any mediator or settlement officer, and their supporting personnel, mutually

4    agreed upon by any of the Parties engaged in settlement discussions.

5    **10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

6    **OTHER LITIGATION**

7    If a Party is served with a subpoena or a court order issued in other litigation that compels

8    disclosure of any information or items designated in this Action as "CONFIDENTIAL" or

9    "HIGHLY CONFIDENTIAL," that Party must:

10    a)    Promptly notify in writing the Designating Party.  Such notification shall

11    include a copy of the subpoena or court order;

12    b)    Promptly notify in writing the party who caused the subpoena or order to issue

13    in the other litigation that some or all of the material covered by the subpoena

14    or order is subject to this Stipulated Protective Order.  Such notification shall

15    include a copy of this Stipulated Protective Order; and

16    c)    Cooperate with respect to all reasonable procedures sought to be pursued by

17    the Designating Party whose Protected Material may be affected.

18    If the Designating Party timely seeks a protective order, the Party served with the

19    subpoena or court order shall not produce any information designated in this action as

20    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the Court from

21    which the subpoena or order issued, unless the Party has obtained the Designating Party's

22    permission.  The Designating Party shall bear the burden and expense of seeking protection in

23    that court of its confidential material and nothing in these provisions should be construed as

24    authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from

25    another court.

26    **11.    A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

27    **THIS LITIGATION**

28    10.1    Application

Stipulated Protective Order

VENABLE LLP

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY Confidential." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2    Notification

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's Protected Material in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Protected Material, then the Party shall:

a)    Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

b)    Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c)    Make the information requested available for inspection by the Nonparty, if requested.

10.3    Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Protected Material responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court.  Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective

VENABLE LLP

1   Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the

2   unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the

3   Protected Material, (3) inform the person or persons to whom unauthorized disclosures were

4   made of all the terms of this Stipulated Protective Order, and (4) request such person or persons

5   to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

6   **13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

7   **PROTECTED MATERIAL**

8         When a Producing Party gives notice to Receiving Parties that certain inadvertently

9   produced material is subject to a claim of privilege or other protection, the obligations of the

10   Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This

11   provision is not intended to modify whatever procedure may be established in an e-discovery

12   order that provides for production without prior privilege review.  Pursuant to Federal Rule of

13   Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a

14   communication or information covered by the attorney-client privilege or work product

15   protection, the Parties may incorporate their agreement in the Stipulated Protective Order

16   submitted to the Court.

17   **14.    MISCELLANEOUS**

18         13.1   Right to Further Relief

19         Nothing in this Stipulated Protective Order abridges the right of any person to seek its

20   modification by the Court in the future.

21         13.2   Right to Assert Other Objections

22         By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it

23   otherwise would have to object to disclosing or producing any information or item on any

24   ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to

25   object on any ground to use in evidence of any of the material covered by this Stipulated

26   Protective Order.

27         13.3   Filing Protected Material

28

VENABLE LLP

12

Stipulated Protective Order

**VENABLE LLP**

1    A Party that seeks to file under seal any Protected Material must comply with Local Rule

2    141.  Protected Material may only be filed under seal pursuant to a court order authorizing the

3    sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material

4    under seal is denied by the Court, then the Receiving Party may file the information in the public

5    record unless otherwise instructed by the Court.

6    **15.    FINAL DISPOSITION**

7    After the final disposition of this Action, within sixty (60) days of a written request by

8    the Designating Party, each Receiving Party must return all Protected Material to the Producing

9    Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all

10   copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of

11   the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving

12   Party must submit a written certification to the Producing Party (and, if not the same person or

13   entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where

14   appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

15   Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

16   format reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

17   Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

18   and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

19   reports, attorney work product, and consultant and expert work product, even if such materials

20   contain Protected Material.  Any such archival copies that contain or constitute Protected

21   Material remain subject to this Stipulated Protective Order as set forth in Section 5.

22   **16.    VIOLATION**

23   Any violation of this Stipulated Protective Order may be punished by any and all

24   appropriate measures including, without limitation, contempt proceedings and/or monetary

25   sanctions.

26   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

27    Dated: April 29, 2025                                    VENABLE LLP

28

13

Stipulated Protective Order

1

2

3    Dated: April 29, 2025

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:    /s/ *Belinda M. Vega*
      _____
      Belinda M. Vega
      *Attorneys for Plaintiff*

DENTONS US LLP

By:    /s/ *Andrew M. Pendexter* (as
      authorized on, April 29, 2025)
      _____
      Andrew Pendexter
      *Attorneys for Defendant*

IT IS SO ORDERED.

   Dated:    **April 30, 2025**

_____
UNITED STATES MAGISTRATE JUDGE

**VENABLE LLP**

14

Stipulated Protective Order

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VENABLE LLP

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____**[print or type full name]**, of

_____**[print or type full address]**, declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Eastern District of California on **April 30, 2025** in the case of

_____**[insert formal name of the case and the number and initials assigned to it**

**by the court]**.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.  I hereby

appoint _____ **[print or type full name]** of _____

**[print or type full address and telephone number]** as my California agent for service of

process in connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.


Date: _____

City and State where sworn and

signed: _____

Printed name: _____

Signature: _____

15
Stipulated Protective Order