**VENABLE LLP**
Belinda M. Vega (SBN 208236)
*bmvega@venable.com*
Witt W. Chang (SBN 281721)
*wchang@venable.com*
Hanh "Halena" Ngo (SBN 360149)
*hhngo@Vanable.com*
2049 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

*Attorneys for Plaintiff and Counter-Defendant*
DAVID W. CAIN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DAVID W. CAIN, an individual,

Plaintiff,

vs.

INTERNATIONAL FRUIT GENETICS, LLC, a California Limited Liability Company,

Defendant.

CASE NO.: 1-23-cv-01249-JLT-CDB

Hon. Jennifer L. Thurston

**COUNTER-DEFENDANT DAVID W. CAIN'S REPLY IN SUPPORT OF ITS SPECIAL MOTION TO STRIKE INTERNATIONAL FRUIT GENETICS LLC'S COUNTERCLAIM PURSUANT TO THE CALIFORNIA ANTI-SLAPP STATUTE [DKT NO. 67]**

Hearing Date: June 20, 2025
Time: 9:00 a.m.
Courtroom: 4, 7th Floor

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION .......... 1

II. ADDITIONAL PROCEDURAL BACKGROUND .......... 2

III. ARGUMENT .......... 4

A. The Anti-SLAPP Motion Is Not Moot .......... 4

B. Dr. Cain Is Entitled To His Reasonable Fees And Costs .......... 6

C. IFG's Proposed Indemnity Claim Is Not Properly Before The Court .......... 7

IV. CONCLUSION .......... 7

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Coronado v. San Diego County Local Area Formation Commission*, No. 16-CV-3020-CAB-WVG, 2017 WL 11671619 (S.D. Cal Jan. 26, 2017) .......... 5

*Foman v. Davis*, 371 U.S. 178 (1962) .......... 4, 5

*Kasim v. Munoz*, No. CV 13-02999 DMG (SH), 2013 WL 12638649 (C.D. Cal. Jan. 26, 2017) .......... 5

*Ketchum v. Moses*, 24 Cal. 4th 1122 (2001) .......... 6

*Mosana v. Property and Casualty Insurance Co. of Hartford*, Case No. 1:22-cv-00785-JLT-HBK, 2023 WL 5985298 (S.D. Cal. Mar. 18, 2019) .......... 4, 5

*Shahid Buttar for Cong. Comm. v. Hearst Commc'ns., Inc.*, 2024 WL 2874154 (9th Cir. June 7, 2024) .......... 4, 5

*United States v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963 (9th Cir. 1999) .......... 6

*Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081 (9th 2004) .......... 4, 5

*Welk Resort Grp. Inc. v. Reed Hein & Assocs, LLC*, No. 3:17-CV-01499-L-AGS, 2019 WL 1242446 (S.D. Cal. Mar. 18, 2019) .......... 5

*In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716 (9th Cir. 2013) .......... 4

*Yellowcake, Inc. v. Triwolf Media, LLC*, No. 1:20-CV-0981 AWI SKO, 2020 WL 6728934 (E.D. Cal. Nov. 16, 2020) .......... 5

**Statutes**

Servicemembers Civil Relief Act .......... 4

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Dr. Cain's anti-SLAPP motion should be granted because IFG's operative counterclaim for breach of contract exclusively targets protected activity and fails as a matter of law. Specifically, the only wrongdoing that IFG alleges against Dr. Cain is that Dr. Cain exercised his right to participate in the judicial process by filing this case against IFG. *See* Dkt. 61 at 27, ¶ 11 ("By filing the Complaint, the Amended Complaint and the Second Amended Complaint in this action, Dr. Cain has materially breached Section 3(a), 3(c), 3(d) and 3(f) of the Buyout Agreement."). This is classic protected activity under the first prong of California's anti-SLAPP statute. And, Dr. Cain did not breach the Buyout Agreement because claims to enforce the Buyout Agreement itself were explicitly excluded from "Released Claims." *See* Dkt. 36-2, Ex. 1 at Section 3(a) (released claims ***exclude*** "Cain's, Buyer's or the Company's rights under this [Buyout] Agreement."). Thus, IFG is not likely to prevail on its counterclaim and the second prong of the anti-SLAPP statute is met.

In its Opposition, IFG functionally admits that the anti-SLAPP motion is well taken and should be granted. Instead of addressing whether the operative counterclaim targets protected activity and asserts claims of probable success, IFG pretends that its proposed amended counterclaim is the operative pleading and attempts to justify why that proposed pleading would not violate the anti-SLAPP statute. IFG's proposed amendment—subject to IFG's pending Motion for Leave to Amend—is not operative, nor is it the pleading subject to the anti-SLAPP motion. And, the mere filing of IFG's Motion for Leave does not mean that the proposed amendment has superseded the operative counterclaim. Indeed, the only relevance of the proposed amendment to the determination of the anti-SLAPP motion is that in IFG seeking to jettison the very claim subject to Dr. Cain's anti-SLAPP motion, IFG has tacitly admitted that it runs afoul of the anti-SLAPP statute. In other words, IFG does not oppose the anti-SLAPP motion; it opposes a fictional motion relating to a fictional pleading.

As explained in Dr. Cain's Opposition to IFG's Motion for Leave, IFG is not entitled to

leave because IFG's proposed amendment would impose undue prejudice on Dr. Cain, IFG acted in bad faith, IFG unduly delayed, and IFG's proposed amendment suffers from the same deficiencies as its breach of contract claim. *See* Dkt. 71 at 8:16-13:6. Parties that fail to avail themselves of their right to amend without having to obtain leave cannot later complain that they were deprived of such a right. Such parties also do not get to sidestep an anti-SLAPP motion by acting as if they do not need the Court's permission to amend and acting as if their proposed amended pleading is actually the operative pleading.

Dr. Cain's anti-SLAPP motion should be granted. Dr. Cain is additionally entitled to his reasonable fees and costs incurred in filing this anti-SLAPP motion. Under the anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c). And Dr. Cain is entitled to fees even if leave to amend is granted. *See Garett v. Hine*, 2022 WL 2067903, at *1 (E.D. Cal. June 8, 2022) (granting defendant's request for award of attorney's fees in anti-SLAPP motion even though leave to amend was also granted to plaintiff).

## II. ADDITIONAL PROCEDURAL BACKGROUND

IFG filed its counterclaim for breach of contract against Dr. Cain on April 21, 2025, alleging Dr. Cain breached the Buyout Agreement by bringing this lawsuit against IFG. *See* Dkt. 61 at ¶¶ 24-29.

On April 30, 2025, Dr. Cain informed IFG that he intended to file an anti-SLAPP motion in response to the breach of contract counterclaim and requested a meet and confer conference. In the email to IFG's counsel, Dr. Cain explained the grounds for his motion to strike:

> First, IFG's counterclaim is subject to a special motion to strike under California Code of Civil Procedure Section 425.16 because the alleged wrongdoing in the complaint is protected activity – i.e., the filing of the lawsuit. *See* CCP 425.16(e)((1)-(2). Second, IFG cannot show probability of prevailing on the counterclaim because, among other things, the agreement specifically allows Dr. Cain to bring claims for rights under the Buyout Agreement.

*See* Dkt. 68-1 (Bruno Decl.), Ex. C at 19 of 26. The parties met and conferred on May 6, 2025. Dr. Cain provided IFG with detailed authority and arguments ahead of that meet and confer

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

conference. *Id.*, Ex. D at 21 of 26; *see also* Dkt. 71-1, Vega Decl., ¶ 2. During the meet and confer, IFG took the position that its breach of contract counterclaim did not fall within the anti-SLAPP statute and so it would not amend its counterclaim, though it would consider Dr. Cain's authorities and get back to counsel for Dr. Cain within a day. *Id.* Counsel failed to respond at all. *Id.* at ¶ 3. At no point in the meet and confer process did IFG provide Dr. Cain with any proposed amendment to the counterclaim. *Id.* at ¶¶ 4-5. As counsel did not hear back from IFG, Dr. Cain filed his anti-SLAPP motion on May 12, 2025—12 days after IFG was informed that Dr. Cain was intending to file such motion, and 6 days after IFG refused to amend its counterclaim. *See* Dkt. No. 67.

On May 13, 2025, one day after Dr. Cain filed his anti-SLAPP Motion, IFG requested that Dr. Cain agree to stipulate to allow IFG to amend its complaint "to address the concerns identified" in Dr. Cain's anti-SLAPP motion, or else it would move *ex parte* for leave to amend. *See* Dkt. 68-1, Ex. A at 8-9 of 26; Dkt. 71-1, Vega Decl., ¶ 7.

Dr. Cain responded on May 15, explaining there was no urgency for an *ex parte* and by providing IFG with two alternatives to filing an *ex parte* application: (1) Dr. Cain agreed to stipulate to permit amendment and to withdraw his anti-SLAPP motion if IFG agreed to first reimburse Dr. Cain for the fees he incurred to bring the anti-SLAPP motion (citing *Garett*, *supra*, 2022 WL 2067903, at *1), or (2) IFG should not move *ex parte* and instead agree to notice its motion for leave for the same day as Dr. Cain's anti-SLAPP motion and that the parties agree to a briefing schedule that allows for regular notice. *See* Dkt. 68-1, Ex. A at 5-6 of 26. IFG rejected both alternatives and decided to file its motion for leave instead. *Id.* at 5 of 26; Dkt. 71-1, Vega Decl., ¶ 7; *see also* Dkt. 68.

IFG's representation in its Opposition that Dr. Cain would not agree to allow IFG to amend its counterclaim is simply false—***Dr. Cain agreed to the amendment*** so long as IFG reimbursed him for the fees and costs incurred for having to file his motion pursuant to *Garrett*, *supra*, 2022 WL 2067903, at *1.

## III. ARGUMENT

### A. The Anti-SLAPP Motion Is Not Moot

IFG does not get to decide if the anti-SLAPP motion is moot. That decision is for the Court to make. As a preliminary matter, leave to amend is not automatically granted. *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013) citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). As IFG admits, this Court considers the *Foman* Factors to determine whether leave to amend should be granted. *See* Dkt. 68 (Motion for Leave) at 6: 13-17; *see also* Dkt. 66 (Scheduling Order) at 3 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And if the complaint cannot be saved by amendment, the Ninth Circuit court has held that it is permissible for the court to deny leave. *See Shahid Buttar for Cong. Comm. v. Hearst Commc'ns., Inc.*, 2024 WL 2874154, at *2 (9th Cir. June 7, 2024) ("[w]hile we have recognized some tension between rule 15(a) and California's anti-SLAPP statute, we have also clarified that dismissal with prejudice is permissible under California's anti-SLAPP statute when the district court reasonably concludes that amendment would be futile."); *see also* Dkt. 71 at 7:2-8.

IFG cites to *Verizon Del., Inc. v. Covad Commc'ns Co.,* 377 F.3d 1081, 1091 (9th 2004) for its faulty proposition that leave is automatic. *See* Dkt. 69 at 5:13-20. *Verizon* is inconsequential because the court did not have before it the issue of whether the amendment would be futile. Indeed, the court affirmed the district court's denials of Covad's motions to strike Verizon's original and first amended complaints. *Id.* at 1082.

*Mosana v. Property and Casualty Insurance Co. of Hartford*, Case No. 1:22-cv-00785-JLT-HBK, 2023 WL 5985298, at *5 (S.D. Cal. Mar. 18, 2019), also cited by IFG, actually supports the fact Dr. Cain's anti-SLAPP is not moot. *See* Dkt. 69 at 5:20-26. In *Mosana,* an air force member sued an insurance company for alleged violations of the Servicemembers Civil Relief Act and the Military and Veterans Code. *Mosana*, 2023 WL 5985298, at *1, 5. Defendants moved to dismiss the claims and alternatively argued to strike the suit by anti-SLAPP. *Id.* The court found the plaintiff's complaint had failed to state a claim but granted leave to amend. *Id.* at *2. The

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

court then *deferred ruling* on the anti-SLAPP because "it would be premature to rule" on it before determining the probability of Plaintiff's claims on the merits. *Id.* at 5. The Court held, if the offending claims remain in the first amended complaint, the anti-SLAPP remedies, including costs and attorney's fees, ***remain available*** to defendants." *Id.* at *5 (emphasis added). Like in *Covad*, the *Mosana* court did not consider whether the amendment would be futile; plaintiff in that case had not even filed an amended complaint yet. Nevertheless, unlike what IFG argues in its Opposition, the court in *Mosana* did not deny the anti-SLAPP pending amendment of a complaint. *See* Dkt. 69 at 5:25-27. Rather, it deferred ruling on the anti-SLAPP at the same time it granted the plaintiff leave to amend the complaint and held the anti-SLAPP remedies would "remain available."

The remainder of the cases cited by IFG in its Opposition also do not support IFG's proposition that leave to amend is automatic. *City of Coronado v. San Diego County Local Area Formation Commission*, No. 16-CV-3020-CAB-WVG, 2017 WL 11671619, at *1 (S.D. Cal Jan. 26, 2017), *Kasim v. Munoz*, No. CV 13-02999 DMG (SH), 2013 WL 12638649, at *2 (C.D. Cal. Jan. 26, 2017), and *Yellowcake, Inc. v. Triwolf Media, LLC*, No. 1:20-CV-0981 AWI SKO, 2020 WL 6728934, at *2 (E.D. Cal. Nov. 16, 2020), are all distinguishable because plaintiffs in those cases all amended as a matter of right. Thus, there was no analysis of the *Foman* Factors and there was no discussion as to the futility of an amendment to the complaints.

In *Welk Resort Grp. Inc. v. Reed Hein & Assocs, LLC*, No. 3:17-CV-01499-L-AGS, 2019 WL 1242446, at *9 n.4 (S.D. Cal. Mar. 18, 2019), the footnote cited by IFG simply states the procedural background from the lower court. S*ee* Dkt. 69 at 5:28-6:1. The court ultimately found defendant prevailed on its anti-SLAPP of the amended complaint and denied leave to amend again as futile. *Id*. at *19. *Welk Resort Grp. Inc.* supports Dr. Cain's argument that courts can deny leave to amend when such amendment would be futile.

Thus, leave to amend is not automatic. As the Court held in *Shahid Buttar for Cong. Comm.* and *Welk Resort Grp. Inc.*, it is entirely proper for a court to deny leave to amend when such amendment would be futile. *Shahid Buttar for Cong. Comm.*, 2024 WL 2874154, at *2; *Welk*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900

*Resort Grp. Inc.*, 2019 WL 1242466, at *19. Accordingly, it is improper for IFG to assume the anti-SLAPP motion is moot when there has been no ruling on its Motion for Leave.

**B. Dr. Cain Is Entitled To His Reasonable Fees And Costs**

Even if the Court grants IFG's leave to amend, amending a pleading after an anti-SLAPP motion has been filed does not moot an anti-SLAPP fee request. *See Garrett*, *supra*, 2022 WL 2067903, at *6 (awarding fees in connection with anti-SLAPP motion where plaintiff responded to anti-SLAPP motion by filing motion for leave to amend the complaint); *United States v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 971-73 (9th Cir. 1999) (mandatory fee shifting applies to anti-SLAPP motions in federal court). Such an award of attorneys' fees is mandatory. *Id.*; *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.").

In *Garrett*, plaintiffs were professors who sued the school over alleged retaliation after they gave a lecture alleging misconduct by their colleagues. The defendants filed an anti-SLAPP motion. Plaintiffs then tried to amend the complaint, which would remove the claims that were the basis of the anti-SLAPP. The court found that since plaintiffs were withdrawing (not re-pleading), the defendants "prevailed" on the anti-SLAPP and were entitled to fees." 2022 WL 2067903 at *8. *Garrett* confirms that a party "prevails" for fee purposes if the claims are mooted in response to that motion. *Id.*

Here, Dr. Cain filed an anti-SLAPP motion in response to IFG's counterclaim for breach of contract. IFG then tried to amend the counterclaim to remove the breach of contract claim that is subject to the pending anti-SLAPP motion. IFG is not trying to re-plead its breach of contract claim; it is changing course entirely to bring a claim for indemnity. As in *Garrett*, IFG's effective withdrawal of the claim subject to the anti-SLAPP motion is "tantamount to a voluntary dismissal of those claims," and effectively equivalent to Dr. Cain prevailing on the anti-SLAPP motion for fee purposes. *Garrett*, *supra*, 2022 WL 2067903, at *6.

Accordingly, even if leave to amend is granted, Dr. Cain is entitled to attorneys' fees and costs incurred to prepare the anti-SLAPP motion according to proof.

### C. IFG's Proposed Indemnity Claim Is Not Properly Before The Court

The issue of whether IFG's proposed counterclaim for indemnity is subject to the anti-SLAPP statute is not properly before the Court. The Court should grant Dr. Cain's anti-SLAPP motion and does not need to consider the viability of IFG's proposed counterclaim at this time.[1]

## IV. CONCLUSION

For the foregoing reasons, Dr. Cain respectfully requests the Court grant Dr. Cain's anti-SLAPP motion and that Dr. Cain be awarded his reasonable attorneys' fees and costs incurred in preparing his anti-SLAPP motion against IFG's counterclaim for breach of contract, subject to proof in a subsequent motion.

Dated: June 6, 2025

VENABLE LLP

By: */s/ Belinda M. Vega*
Belinda M. Vega
Witt W. Chang
Halena Ngo

*Attorneys for Plaintiff*
David W. Cain

[1] Nevertheless, IFG's proposed amended counterclaim for indemnity suffers from the same deficiencies as its original claim for breach of contract and Dr. Cain will be entitled to file an anti-SLAPP motion and/or or move to dismiss the counterclaim if leave is granted.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310-229-9900